**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANUEL DE JESUS TORRES BARAHONA; ALICIA TORRES, | No. 10-71318 |
| Petitioners, | Agency Nos. A070-919-132<br>A099-442-901 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 19, 2010[**]

Before:     LEAVY, HAWKINS, and HURWITZ, Circuit Judges.

Manuel de Jesus Torres Barahona, a native and citizen of El Salvador, and

Alicia Torres, a native and citizen of Mexico, petition for review of the Board of

Immigration Appeals' ("BIA") order dismissing their appeal from an immigration

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judge's decision denying their applications for asylum, withholding of removal, and cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we review de novo constitutional claims, *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Torres Barahona testified that criminals he reported to police threatened to kill him and that he fears gang members will harm him because they believe he is returning to El Salvador with money. Substantial evidence supports the BIA's denial of Torres Barahona's asylum and withholding of removal claims because he failed to demonstrate he was or will be harmed on account of a protected ground. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1172 (9th Cir. 2005).

Torres Barahona's equal protection claim is unavailing, because the U.S. citizen child of a person unlawfully present in the United States is not similarly situated to the U.S. citizen child of a person lawfully present in the United States. *See Dillingham v. INS*, 267 F.3d 996, 1007 (9th Cir. 2001) ("In order to succeed on his [equal protection] challenge, the petitioner must establish that his treatment differed from that of similarly situated persons."). In addition, because Torres Barahona was given a full and fair hearing on his claims and a reasonable

opportunity to present evidence, we reject his due process claims. *See*

*Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926-27 (9th Cir. 2007).

Finally, because the BIA applied the correct legal standard to Torres

Barahona's cancellation of removal claim, we lack jurisdiction to review the

agency's discretionary hardship determination. *See Mendez-Castro v. Mukasey*,

552 F.3d 975, 980 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**